THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BROK ARLIN RICE,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | **MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S [1] MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br><br>Case No. 2:23-cv-00858-DBB<br><br>District Judge David Barlow |

Before the court is Petitioner Brok Arlin Rice's ("Mr. Rice") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.[1] Mr. Rice moves the court to vacate or correct his sentence or grant a hearing to decide if *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*[2] affects his case.[3] For the reasons below, the court denies Mr. Rice's motion without a hearing.[4]

## BACKGROUND

On May 18, 2022, a grand jury indicted Mr. Rice for one count of Felon in Possession of a Firearm and Ammunition.[5] Mr. Rice entered into a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with the United States on November 7, 2022.[6] He

---

[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Mot. to Vacate"), ECF No. 1, filed Nov. 21, 2023.
[2] 597 U.S. 1 (2022).
[3] Mot. to Vacate 16 (because Mr. Rice attaches unnumbered pages to his motion, the court cites the CM/ECF heading page numbers for clarity).
[4] *See* DUCivR 7-1(g). The court must grant a hearing only if there is a genuine factual dispute. *See United States v. Fields*, 949 F.3d 1240, 1246 (10th Cir. 2019) (citing *Machibroda v. United States*, 368 U.S. 487, 494–95 (1962)); 28 U.S.C. § 2255(b) ("Unless the motion and the [record] . . . conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon[.]). For the reasons stated herein, the court determines that the motion and record conclusively show that Mr. Rice does not merit relief.
[5] ECF No. 1, *United States v. Rice*, No. 2:22-cr-00174 (D. Utah filed May 18, 2022) ("Crim. Case") (18 U.S.C. § 922(g)(1)).
[6] Statement in Advance of Plea 3–4, ECF No. 29, Crim. Case.

1

agreed to plead guilty and waive several rights, including his right to a trial.[7] The parties agreed to an 84-month term of incarceration.[8] On January 30, 2023, the court accepted the plea and sentenced Mr. Rice to 84 months imprisonment to run concurrently with Mr. Rice's state sentence.[9] Additionally, the court ordered an adjustment for time served since May 18, 2022, pursuant to U.S.S.G. § 5G1.3.[10]

Mr. Rice filed his § 2255 motion on November 15, 2023.[11] He moves the court to vacate or correct his sentence for three reasons. First, he claims that the Supreme Court's decision in *Bruen* represents an "intervening change of law" that absolves him of guilt because he possessed a firearm "for self-defense purposes only."[12] Next, he contends defense counsel provided ineffective assistance by "failing to conduct adequate legal research; failing to thoroughly review his indictment; and failing to file a pre-trial motion to dismiss" Count I.[13] Last, he asserts counsel provided ineffective assistance at the sentencing phase for failing to argue "that he was entitled to a 'downward varience [sic] or departure' under [U.S.S.G. §] 5G1.3" or that he was "entitled to a concurrent [sentence] or to recieve [sic] time credit[.]"[14] The United States responded on December 19, 2023.[15]

---

[7] *Id.* at 3, 5–6.
[8] *Id.* at 4–5; *see* Fed. R. Crim. P. 11(c)(1)(C) ("An attorney for the government and the defendant's attorney . . . may discuss and reach a plea agreement. . . . If the defendant pleads guilty . . . to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case[.]").
[9] ECF No. 38, Crim. Case.
[10] ECF No. 37, Crim. Case.
[11] *See* Mot. to Vacate (docketed Nov. 21, 2023).
[12] *Id.* at 5.
[13] *Id.* at 6.
[14] *Id.* at 9–10.
[15] Opp'n to Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Opp'n"), ECF No. 4.

## STANDARD

Under 28 U.S.C. § 2255, federal prisoners "may move the court which imposed the sentence to vacate, set aside or correct the sentence."[16] The prisoner must show "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"[17] The court reviews § 2255 motions under a stringent standard. "Only if the violation constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure'" does the statute provide relief.[18]

A motion under 28 U.S.C. § 2255 is a collateral challenge;[19] it is not a substitute for a direct appeal.[20] In the event of a procedural default, the prisoner must "show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or . . . show that a fundamental miscarriage of justice will occur if his claim is not addressed."[21]

---

[16] 28 U.S.C. § 2255(a).
[17] *Id.*
[18] *United States v. Gordon*, 172 F.3d 753, 755 (10th Cir. 1999) (citation omitted). Prisoners have received relief where a court entered "convictions and sentences . . . without jurisdiction," "the sentence imposed was outside of the statutory limits," "a constitutional error occurred," or an "error of law or an error of fact occurred that constituted a fundamental defect which inherently resulted in a complete miscarriage of justice[.]" *Fields*, 949 F.3d at 1246 (quoting *United States v. Addonizio*, 442 U.S. 178, 185–86 (1979)).
[19] *See United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996) ("A § 2255 motion is not available to test the legality of a matter which should have been raised on direct appeal."); *United States v. Torres-Laranega*, 473 F. App'x 839, 842 (10th Cir. 2012) (unpublished) ("A § 2255 petition is not an opportunity to bring legal arguments that should have been brought by direct appeal." (citing *United States v. Frady*, 456 U.S. 152, 165 (1982))).
[20] *Frady*, 456 U.S. at 165; *see Addonizio*, 442 U.S. at 184 ("[A]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment.").
[21] *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) (internal quotation marks omitted) (quoting *United States v. Hollis,* 552 F.3d 1191, 1193–94 (10th Cir. 2009)).

**DISCUSSION**

The court liberally construes the arguments of a pro se petitioner such as Mr. Rice.[22] But the court does not serve as his advocate.[23] With the standard in mind, the court addresses Mr. Rice's three arguments for relief under 28 U.S.C. § 2255.

**I.    *Bruen* Does Not Offer Mr. Rice Relief.**

Mr. Rice claims that the court should vacate his conviction based on the Supreme Court's June 2022 decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*.[24] Mr. Rice contends that *Bruen* purportedly overruled Tenth Circuit precedent and held that 18 U.S.C. § 922(g)(1) was facially unconstitutional.[25] He argues that the government thus wrongfully charged him with Felon in Possession for a firearm used in home self-defense.[26] He contends the court must vacate his sentence to "prevent a clear miscarriage of justice[.]"[27]

The instant motion is the first time Mr. Rice argues that *Bruen* applies to his § 922(g)(1) guilty plea.[28] Yet Mr. Rice could have raised the matter much earlier. The Supreme Court decided *Bruen* on June 23, 2022.[29] Mr. Rice did not sign his statement in advance of plea for another five months.[30] And the court did not sentence Mr. Rice until January 30, 2023.[31] More

---

[22] *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).
[23] *Luo v. Wang*, 71 F.4th 1289, 1291 n.1 (10th Cir. 2023).
[24] 597 U.S. 1 (2022).
[25] Mot. to Vacate 5.
[26] *Id.*
[27] *Id.*
[28] *Id.* at 2 (affirming that he did not appeal from the judgment of conviction, file for Supreme Court certiorari, or file any other motion concerning the judgment of conviction).
[29] *See Bruen*, 597 U.S. 1.
[30] *See* Statement in Advance of Plea (signed Nov. 7, 2022).
[31] *See* ECF No. 37, Crim. Case.

importantly, Mr. Rice did not file a direct appeal.[32] As such, he must show actual prejudice or a fundamental miscarriage of justice. He does neither.

*Bruen* does not stand for the proposition that 18 U.S.C. § 922(g)(1)'s ban on felons possessing firearms is facially unconstitutional. To the contrary, the Supreme Court's decision "d[id] not expand the categories of people who may lawfully possess a gun[.]"[33] The Tenth Circuit recently affirmed that *Bruen* did not abrogate circuit law upholding the constitutionality of § 922(g)(1).[34] In consequence, even if Mr. Rice had made a timely argument under *Bruen*, he would not prevail. Mr. Rice therefore does not make a showing of actual prejudice or a fundamental miscarriage of justice.

## II. Mr. Rice Was Not Prejudiced by Counsel's Alleged Failure.

Next, Mr. Rice contends his counsel provided ineffective assistance because she did not file a pretrial motion to dismiss his indictment after the *Bruen* decision. In short, Mr. Rice argues that counsel's failure to do so was "deficient performance" and that had counsel informed him of *Bruen* "and what impact *Bruen* may have on his case, "there is a reasonable probability that he would not have plead [sic] guilty and instead insisted on a jury trial . . . ."[35]

A convicted defendant may bring a claim of ineffective assistance of counsel in the event of a procedural default.[36] To prevail under the well-known standard set out in *Strickland v.*

---

[32] Mot. to Vacate 2, 10–11 ("No prior appeals have been taken prior to my 2255 motion to vacate[.]").
[33] *Bruen*, 597 U.S. at 73 (Alito, J., concurring) (citing 18 U.S.C. §§ 922(x)(2)–(5), 922(b)(1), (c)(1)); *see id.* at 81 (Kavanaugh, J., concurring) ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." (alteration in original) (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008))).
[34] *See Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023), *petition for cert. filed*, No. 23-683 (U.S. Dec. 21, 2023) ("[W]e conclude that *Bruen* did *not* indisputably and pellucidly abrogate our precedential opinion in *McCane*.") (emphasis added); *see United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009).
[35] Mot. to Vacate 6–7.
[36] *Coleman v. Thompson*, 501 U.S. 722, 754 (1991), *holding modified by Martinez v. Ryan*, 566 U.S. 1 (2012); *see United States v. Kearn*, 54 F.4th 1225, 1226 (10th Cir. 2022).

*Washington*,[37] the defendant "must show both deficient performance and resultant prejudice . . . ."[38] "[T]he pertinent question under the first prong of *Strickland* remains whether, after considering all the circumstances of the case, the attorney's representation was objectively unreasonable."[39] "To show prejudice in the guilty plea context, the defendant must establish that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted on going to trial.'"[40] Conclusory allegations are not enough.[41] The court need not address both prongs if the defendant fails to satisfy deficiency or prejudice.[42]

Here, Mr. Rice has not demonstrated a reasonable probability that he would have gone to trial had defense counsel advised him of *Bruen*. As explained above, even if counsel filed a *Bruen* claim, the motion would not have succeeded.[43] Put simply, the outcome would have been the same.[44] Mr. Rice does not explain why he would have pled not guilty knowing that his counsel could have filed a motion lacking legal support. Instead, Mr. Rice offers mere conclusory statements.[45] The key inquiry is whether Mr. Rice "really would have gone to trial if he had received adequate advice from his counsel."[46] There is no basis here for finding his

---

[37] 466 U.S. 668 (1984).
[38] *United States v. Babcock*, 40 F.4th 1172, 1176 (10th Cir. 2022) (citing *Strickland*, 466 U.S. at 687).
[39] *Id.* at 1177; *see Strickland*, 466 U.S. at 669 ("[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness.").
[40] *United States v. Reed*, 39 F.4th 1285, 1293 (10th Cir. 2022), *cert. denied*, 143 S. Ct. 745 (2023) (citation omitted).
[41] *See Reed*, 39 F.4th at 1293 ("A defendant's mere allegation that, but for counsel's ineffective assistance . . . , he would have insisted on going to trial is ultimately insufficient to establish prejudice.").
[42] *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one.").
[43] *See Garland*, 80 F.4th at 1202.
[44] *See Hill v. Lockhart*, 474 U.S. 52, 59–60 (1985) ("[W]here the alleged error of counsel is a failure to investigate . . . , the determination whether the error 'prejudiced' the defendant by causing him to plead guilty . . . will depend on . . . whether the evidence likely would have changed the outcome of a trial."); *Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006) (no prejudice to defendant when counsel failed to raise a vagueness challenge because the court determined the statute was not vague).
[45] *E.g.*, Mot. to Vacate 7 ("[H]e would not have plead [sic] guilty . . . had he been made aware of . . . *Bruen* . . . and what impact *Bruen* may have on his case[.]").
[46] *Reed*, 39 F.4th at 1293.

6

counsel's advice to be inadequate. The motion Mr. Rice contends his counsel should have filed would have been meritless and this court would have denied it. The court finds neither inadequate representation nor prejudice. For this reason, Mr. Rice does not make a sufficient showing of ineffective assistance of counsel.

### III. Mr. Rice's Counsel Was Not Deficient: She Recommended a Downward Departure and a Concurrent Term of Imprisonment at Sentencing.

Finally, Mr. Rice claims that his counsel provided ineffective assistance during the sentencing phase. He contends defense counsel failed to [argue] . . . that he was entitled to a concurrent [sentence] or to recieve [sic] time credit in . . . a 'downward variance' consistent with U.S.S.G. [§] 5G1.3 for time served since May 18th 2022[.]"[47] He further contends "there is a reasonable probability that his 84 month federal sentence would have been lesser [sic] absent his ex-lawyer's 'deficient performance.'"[48]

Mr. Rice fails to satisfy *Strickland*'s first prong. In Mr. Rice's federal criminal case, defense counsel recommended a sentencing adjustment under § 5G1.3[49] and a sentence concurrent with any term of imprisonment in Mr. Rice's Utah state matter.[50] And the court accepted the parties' Rule 11(c)(1)(C) proposal. Indeed, it imposed what counsel recommended.[51] The attorney's advocacy thus did not fall below an objective standard of reasonableness. Because counsel was not deficient, the ineffective assistance argument fails.

---

[47] Mot. to Vacate 10.
[48] *Id.* at 11.
[49] Statement in Advance Plea 4 ("The parties jointly recommend, should this court accept the proposed sentence of 84 months incarceration, that this court adjust the sentence imposed for any term of imprisonment already served if the [c]ourt determines that such period of imprisonment will not be credited to the sentence by the Bureau of Prisons pursuant to USSG 5G1.3.").
[50] *Id.* at 5 ("The parties jointly recommend that any sentence imposed by this [c]ourt be ordered to run concurrent with any term of imprisonment imposed in state of Utah case #151401981 since May 18, 2022.").
[51] *See* ECF No. 37, Crim. Case.

In sum, Mr. Rice offers no viable basis for relief under 28 U.S.C. § 2255.

## ORDER

Accordingly, the court DENIES Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.[52]

Signed January 9, 2024.

BY THE COURT

_____
David Barlow
United States District Judge

---

[52] ECF No. 1.